THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>WORLD-WIDE INVESTMENT SERVICES LIMITED (BVI),<br><br>                 Debtor. | **MEMORANDUM DECISION AND ORDER (1) GRANTING MOTIONS TO WITHDRAW BANKRUPTCY REFERENCES FOR ADVERSARY PROCEEDINGS AND (2) DENYING MOTIONS TO WITHDRAW BANKRUPTCY REFERENCES FOR CHAPTER 15 CASES**<br><br>Case No. 2:21-cv-00473-DN<br><br>District Judge David Nuffer |

       This consolidated action[1] involves four adversary proceedings[2] arising within three jointly administered Chapter 7 bankruptcy cases,[3] as well as three jointly administered Chapter

---

[1] Order Granting Joint Motion to Consolidate Cases, docket no. 11, filed Aug. 25, 2021 (consolidating into this action: *In re: Heng Cheong Pacific Limited (BVI)*, No. 2:21-cv-00474-DN (D. Utah); *In re: New Century Properties Limited (BVI)*, No. 2:21-cv-00475-DN (D. Utah); *Borrelli et al. v. Western Land & Livestock, LLC et al.*, No. 2:21-cv-00477-DN (D. Utah); *Borrelli et al. v. RiverCliff Farm, Inc. et al.*, No. 2:21-cv-00478-DN (D. Utah)); Order Granting Joint Motion to Consolidate Cases, docket no. 24, filed Jan. 18, 2022 (consolidating into this action: *Rupp et al. v. RiverCliff Farm, Inc. et al.*, No. 2:21-cv-00711-DN (D. Utah); *Rupp et al. v. Western Land & Livestock, LLC et al.*, No. 2:21-cv-00712-DN (D. Utah)).

[2] *Wilson et al. v. RiverCliff Farm, Inc. et al.*, No. 21-02030 (Bankr. D. Utah) ("First RiverCliff Adversary Proceeding"); *Borrelli et al. v. Western Land & Livestock, LLC et al.*, No. 21-02031 (Bankr. D. Utah) ("First Liberty Adversary Proceeding"); *Rupp et al. v. RiverCliff Farm, Inc. et al.*, No. 21-02106 (Bankr. D. Utah) ("Second RiverCliff Adversary Proceeding"); *Rupp et al. v. Western Land & Livestock, LLC et al.*, No. 21-02108 (Bankr. D. Utah) ("Second Liberty Adversary Proceeding").

[3] *In re: Heng Cheong Pacific Limited (BVI)*, No. 21-21115 (Bankr. D. Utah) ("HCPL Chapter 7 Case"); *In re: World-Wide Investment Services Limited (BVI)*, No. 21-21131 (Bankr. D. Utah) ("WWIS Chapter 7 Case"); *In re: New Century Properties Limited (BVI)*, No. 21-21133 (Bankr. D. Utah) ("NCPL Chapter 7 Case"). The three Chapter 7 cases are jointly administered with the HCPL Chapter 7 Case as the lead case. Order, ECF No. 24 in HCPL Chapter 7 Case, filed Sept. 27, 2019.

15 bankruptcy cases.[4] The government filed identical motions seeking withdrawal of the bankruptcy references for two of the adversary proceedings and the three Chapter 15 cases.[5] The government later filed two identical motions seeking withdrawal of the bankruptcy references for the two remaining adversary proceedings.[6] All seven of the government's motions are substantially similar, effectively raising the same facts and legal arguments.

Because cause exists to withdraw the bankruptcy references for the four adversary proceedings (and the government's motions were either timely or withdrawal on the court's own motion is appropriate), the government's motions to withdraw the bankruptcy references for the adversary proceedings[7] are GRANTED. However, because cause does not exist at this time to withdraw the bankruptcy references for the three Chapter 15 cases, the government's motions to withdraw the bankruptcy references for the Chapter 15 cases[8] are DENIED without prejudice.

---

[4] *In re: Heng Cheong Pacific Limited (BVI)*, No. 21-22947 (Bankr. D. Utah) ("HCPL Chapter 15 Case"); *In re: New Century Properties Limited (BVI)*, No. 21-22950 (Bankr. D. Utah) ("NCPL Chapter 15 Case"); *In re: World-Wide Investment Services Limited (BVI)*, No. 21-22955 (Bankr. D. Utah) ("WWIS Chapter 15 Case"). The three Chapter 15 cases are jointly administered with the HCPL Chapter 15 Case as the lead case. Order Granting Motion for Joint Administration of Chapter 15 Cases, ECF No. 32 in HCPL Chapter 15 Case, filed Sept. 1, 2021.

[5] United States' Motion to Withdraw the Reference for Adversary Proceedings and Related Chapter 15 Cases, docket no. 2, filed Aug. 3, 2021 (originally filed at ECF no. 7 in WWIS Chapter 15 Case on Aug. 2, 2021); docket no. 13, filed Aug. 25, 2021 (originally filed at ECF no. 9 in HCPL Chapter 15 Case on Aug. 2, 2021; and at ECF no. 2 in *In re: Heng Cheong Pacific Limited (BVI)*, No. 2:21-cv-00474-DN (D. Utah) on Aug. 3, 2021); docket no. 15, filed Aug. 25, 2021 (originally filed at ECF no. 7 in NCPL Chapter 15 Case on Aug. 2, 2021; and at ECF no. 2 in *In re: New Century Properties Limited (BVI)*, No. 2:21-cv-00475-DN (D. Utah) on Aug. 3, 2021); docket no. 17, filed Aug. 25, 2021 (originally filed at ECF no. 116 in First Liberty Adversary Proceeding on Aug. 2, 2021; and at ECF no. 3 in *Borrelli et al. v. Western Land & Livestock, LLC et al.*, No. 2:21-cv-00477-DN (D. Utah) on Aug. 3, 2021); docket no. 19, filed Aug. 25, 2021 (originally filed at ECF no. 94 in First RiverCliff Adversary Proceeding on Aug. 2, 2021; and at ECF no. 2 in *Borrelli et al. v. RiverCliff Farm, Inc. et al.*, No. 2:21-cv-00478-DN (D. Utah) on Aug. 3, 2021).

[6] United States' Motion to Withdraw the Reference of the Adversary Proceedings, docket no. 25, filed Jan. 18, 2022 (originally filed at ECF no. 3 in Second RiverCliff Adversary Proceeding on Dec. 3, 2021; and at ECF no. 2 in *Rupp et al. v. RiverCliff Farm, Inc. et al.*, No. 2:21-cv-00711-DN (D. Utah) on Dec. 7, 2021); docket no. 27, filed Jan. 18, 2022 (originally filed at ECF no. 3 in Second Liberty Adversary Proceeding on Dec. 3, 2021; and at ECF no. 2 in *Rupp et al. v. Western Land & Livestock, LLC et al.*, No. 2:21-cv-00712-DN (D. Utah) on Dec. 7, 2021).

[7] Docket no. 17, filed Aug. 25, 2021; docket no. 19, filed Aug. 25, 2021; docket no. 25, filed Jan. 18, 2022; docket no. 27, filed Jan. 18, 2022.

[8] Docket no. 2, filed Aug. 3, 2021; docket no. 13, filed Aug. 25, 2021; docket no. 15, filed Aug. 25, 2021.

**Contents**
BACKGROUND ............................................................................................................................. 3
DISCUSSION ................................................................................................................................. 6
    The government timely sought withdrawal of the bankruptcy references and, regardless, the circumstances warrant raising the issue on the court's own motion................. 7
    Cause exists to withdraw the bankruptcy references for the adversary proceedings........ 10
    Cause does not exist at this time to withdraw the bankruptcy references in the Chapter 15 cases ..................................................................................................................... 13
ORDER ......................................................................................................................................... 14

# BACKGROUND

This consolidated action follows a long history of the government's efforts to collect over $20 million in tax liabilities from Ronald and Annette Talmage. It also follows a group of foreign investors' multiple efforts to recoup investments from the Talmages and entities owned or controlled by Ronald Talmage (Heng Cheong Pacific Limited ("HCPL"); New Century Properties Limited ("NCPL"); and World-Wide Investment Services Limited ("WWIS")). The parties' disputes center on interests in and priority to proceeds from the sale of two parcels of real property: the "RiverCliff Property" located at 35701 N.E. Chamberlain Rd., Corbett, Oregon 97018; and the "Liberty Property" located at 3482 East 5100 North, Liberty, Utah 84310.

The government has obtained judgments in the District of Oregon[9] (by default) and the District of Utah[10] (after trial on the merits) foreclosing on federal tax liens against the RiverCliff Property[11] and the Liberty Property,[12] which authorized the properties' sale. A trust, on behalf of

---

[9] Judgment, ECF no. 57 in *United States v. RiverCliff Farm, Inc. et al.*, No. 3:16-cv-01248-SI (D. Or.) ("D. Oregon Tax Lien Case"), filed Aug. 15, 2017.

[10] Amended Judgment, ECF no. 339 in *United States v. Talmage et al.*, No. 1:16-cv-00019-DN-JCB (D. Utah) ("D. Utah Tax Lien Case"), filed Dec. 2, 2019.

[11] Notices of Federal Tax Lien against the Talmages were recorded by the Internal Revenue Service in Multnomah County, Oregon on September 17, 2008, November 28, 2008, May 20, 2013, and January 31, 2014, regarding the Talmages 1998-2005 and 2007 taxes. Complaint, ECF no. 1 in D. Oregon Tax Lien Case, filed June 24, 2016.

[12] Notices of Federal Tax Lien against the Talmages were recorded by the Internal Revenue Service in Weber County, Utah on February 6, 2014, October 5, 2015, and October 7, 2015, regarding the Talmages 1998-2005 and

the foreign investors, obtained a $90 million default judgment (after trebling) against Ronald Talmage and other individuals and entities in Utah state court.[13] The foreign investors's trust has also had a quiet title action regarding the RiverCliff Property dismissed for failure to state a claim in the District of Oregon.[14] And the foreign investors' trust was relevant to a quiet title counterclaim regarding the Liberty Property,[15] which was rejected and dismissed following a bench trial in the District of Utah.[16] The foreign investors are also the impetus behind the Chapter 7 and Chapter 15 bankruptcy cases and the adversary proceedings involved in this consolidated action.

On August 27, 2019 (approximately two months after the conclusion of the District of Utah bench trial regarding the Liberty Property), a subgroup of the foreign investors initiated involuntary Chapter 7 bankruptcy proceedings against HCPL, NCPL, and WWIS in the District of Puerto Rico.[17] Approximately two months later, in October 2019, the same subgroup of foreign investors initiated insolvency proceedings against HCPL, NCPL, and WWIS in the High

---

2007 taxes. Findings of Fact, Conclusions of Law, and Order ("FFCL") at 7, ECF no. 324 in D. Utah Tax Lien Case, filed Sept. 19, 2019.

[13] Judgment (Defendants Ronald B. Talmage, Annette C. Talmage, and RiverCliff Farm, Inc.), *RBT Victim Recovery Trust v. Talmage et al.*, No. 160907415 (2d Dist., Weber Cty., Utah) ("Foreign Investors' Utah State Court Case"), filed Mar. 13, 2017; Judgment (Defendants New Century Properties Limited, Heng Cheong Pacific Limited, World-Wide Investment Services, WWIS Limited, and Liu Hsiu Chen) in Foreign Investors' Utah State Court Case, filed Apr. 29, 2017.

[14] Judgment, ECF no. 69 in *Wadsworth et al. v. Talmage et al.*, No. 3:16-cv-02082-SI (D. Or.) ("D. Oregon Quite Title Case"), filed Sept. 29, 2017. This case was initiated by John Wadsworth, a longtime friend and business associate of Ronald Talmage, individually and as trustee of the trust formed for the benefit of the foreign investors. Complaint for Quiet Title and Other Relief, ECF no. 1 in D. Oregon Quite Title Case, filed Oct. 28, 2016.

[15] The counterclaim was raised by entities owned and controlled by John Wadsworth, a longtime friend and business associate of Ronald Talmage. Western Defendants' Answer and Counterclaim and Jury Demand, ECF no. 49 in D. Utah Tax Lien Case, filed Oct. 28, 2016; FFCL in D. Utah Tax Lien Case at 7-15. In the counterclaim, Mr. Wadsworth purported to be the trustee of the trust formed for the benefit of the foreign investors. FFCL in D. Utah Tax Lien Case at 51-58.

[16] FFCL in D. Utah Tax Lien Case at 71-75; Amended Judgment in D. Utah Tax Lien Case at 3-4.

[17] Involuntary Petition Against a Non-Individual, ECF no. 1 in HCLP Chapter 7 Case, filed Aug. 27, 2019; Involuntary Petition Against a Non-Individual, ECF no. 1 in WWIS Chapter 7 Case, filed Aug. 27, 2019; Involuntary Petition Against a Non-Individual, ECF no. 1 in NCPL Chapter 7 Case, filed Aug. 27, 2019.

Court of Justice for the British Virgin Islands ("BVI").[18] No appearances were made on behalf of the entities in the BVI cases, and the BVI court placed the entities into liquidation.[19] The BVI court also appointed joint liquidators (the "Foreign Representatives") and authorized them to pursue the entities' assets.[20] The Foreign Representatives, as the BVI court appointed liquidators of the entities, then sought and obtained recognition in the Chapter 7 bankruptcy cases,[21] and conversion of the cases from Chapter 7 to Chapter 15.[22]

Upon recognition and conversion, the Foreign Representatives initiated two adversary proceedings[23] against the government and others to recover the RiverCliff Property and the Liberty Property. The government unsuccessfully sought dismissal of the adversary proceedings.[24] However, the District of Puerto Rico *sua sponte* raised procedural issues with the bankruptcy cases' conversion from Chapter 7 to Chapter 15 and with the propriety of Puerto Rico as the cases' venue.[25] On March 22, 2021, the cases were reconverted back to Chapter 7 and were transferred, along with the adversary proceedings, to the District of Utah with recommendation that the bankruptcy references be withdrawn.[26]

---

[18] Order entered Oct. 30, 2019 in *Yamakawa v. World-Wide Investment Services Limited et al.*, No. BVIHCOM2019/0132 (High Court Territory of the Virgin Islands), docket no. 2-9, filed Aug. 3, 2021.

[19] *Id*. at 2.

[20] *Id*. at 2-4.

[21] Order, ECF no. 43 in HCPL Chapter 7 Case, filed Dec. 18, 2019.

[22] Order, ECF no. 75 in HCPL Chapter 7 Case, filed Mar. 5, 2020.

[23] Complaint for Declaratory and Other Relief, ECF no. 1 in First RiverCliff Adversary Proceeding, filed Mar. 5, 2020 (also filed at ECF no. 76 in HCPL Chapter 7 Case on Mar. 5, 2020); Complaint for Declaratory and Other Relief, ECF no. 1 in First Liberty Adversary Proceeding, filed Mar. 5, 2020 (also filed at ECF no. 77 in HCPL Chapter 7 Case on Mar. 5, 2020).

[24] Opinion and Order, ECF no. 39 in First RiverCliff Adversary Proceeding, filed Aug. 24, 2020; Opinion and Order, ECF no. 39 in First Liberty Adversary Proceeding, filed Aug. 24, 2020.

[25] Minutes of Proceedings and Order, ECF no. 134 in HCPL Chapter 7 Case, filed Dec. 8, 2020; Order to Show Cause, ECF no. 164 in HCPL Chapter 7 Case, filed Feb. 19, 2021; Minutes of Proceedings and Order, ECF no. 165 in HCPL Chapter 7 Case, filed Feb. 19, 2021.

[26] Minutes of Proceedings and Order, ECF no. 176 in HCPL Chapter 7 Case, filed Mar. 22, 2021.

Upon the cases' transfer to the District of Utah, the government again sought dismissal of the adversary proceedings.[27] These motions to dismiss remain pending. The Foreign Representatives also filed Chapter 15 cases against HCPL, NCPL, and WWIS in the District of Utah on July 6, 2021.[28] And the Foreign Representatives filed new adversary proceedings (with the Chapter 7 Trustee as a named plaintiff) in the District of Utah on November 12, 2021.[29]

On August 2, 2021, the government filed its motions to withdraw bankruptcy references for the original adversary proceedings and the Chapter 15 cases.[30] And on December 3, 2021, the government filed its motions to withdraw the bankruptcy references for the newly filed adversary proceedings.[31] The government did not seek withdrawal of the bankruptcy references for the Chapter 7 cases.

## DISCUSSION

Under 28 U.S.C. § 157(a), "each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 . . . shall be referred to the bankruptcy judges for the district."[32] However, the district court retains authority to withdraw a bankruptcy

---

[27] United States' Motion to Dismiss Adversary Proceedings, ECF no. 81 in First RiverCliff Adversary Proceeding, filed Apr. 8, 2021; United States' Motion to Dismiss Adversary Proceedings, ECF no. 97 in First Liberty Adversary Proceeding, filed Apr. 8, 2021.

[28] Chapter 15 Petition for Recognition of a Foreign Proceeding, ECF no. 1 in HCPL Chapter 15 Case, filed July 6, 2021; Chapter 15 Petition for Recognition of a Foreign Proceeding, ECF no. 1 in NCPL Chapter 15 Case, filed July 6, 2021; Chapter 15 Petition for Recognition of a Foreign Proceeding, ECF no. 1 in WWIS Chapter 15 Case, filed July 6, 2021.

[29] Complaint for Declaratory and Other Relief, ECF no. 1 in Second RiverCliff Adversary Proceeding, filed Nov. 12, 2021 (also filed at ECF no. 264 in HCPL Chapter 7 Case on Nov. 12, 2021); Complaint for Declaratory and Other Relief, ECF no. 1 in Second Liberty Adversary Proceeding, filed Nov. 12, 2021 (also filed at ECF no. 265 in HCPL Chapter 7 Case on Nov. 12, 2021).

[30] United States' Motion to Withdraw the Reference for Adversary Proceedings and Related Chapter 15 Cases, ECF no. 9 in HCPL Chapter 15 Case, ECF no. 7 in NCPL Chapter 15 Case, ECF no. 7 in WWIS Chapter 15 Case, ECF no. 94 in First RiverCliff Adversary Proceeding, ECF no. 116 in First Liberty Adversary Proceeding, filed Aug. 2, 2021.

[31] United States' Motion to Withdraw the Reference of the Adversary Proceedings, ECF no. 3 in Second RiverCliff Adversary Proceeding, ECF no. 3 in Second Liberty Adversary Proceeding, filed Dec. 3, 2021.

[32] 28 U.S.C. § 157(a).

reference "in whole or in part . . . on its own motion or on timely motion of any party, for cause shown."[33] The government seeks such permissive withdrawal of the bankruptcy references for the adversary proceedings and the Chapter 15 cases, and "bears the burden of showing 'cause.'"[34]

### The government timely sought withdrawal of the bankrupty references and, regardless, the circumstances warrant raising the issue on the court's own motion

"The reason for the timeliness requirement [of a motion to withdraw a bankruptcy reference] is to prevent parties from forum shopping, stalling, . . . otherwise engaging in obstructionist tactics[,]"[35] or "wasting the resources of the [c]ourt and all parties involved."[36] Under DUCivR 83-7.4(c)(1), "a [w]ithdrawal [m]otion seeking to withdraw the reference of a case may be made at any time."[37] "Courts, however, have generally defined [a] timely [withdrawal motion] as [being filed] as soon as possible after the moving party is aware of grounds for withdrawal of reference or as at the first reasonable opportunity after the moving party is aware of grounds for withdrawal of reference."[38] But DUCivR 83-7.4(c)(2) provides that in adversary proceedings, "[a]n original defendant . . . seeking to withdraw the reference . . . must file a [w]ithdrawal [m]otion within 21 days after entering an appearance in the adversary proceeding."[39]

---

[33] 28 U.S.C. § 157(d).

[34] *In re Concept Clubs, Inc.*, 154 B.R. 581, 583 (D. Utah 1993) (citing *Hatzel & Buehler v. Cent. Hudson Gas & Elec.*, 106 B.R. 367, 370 (D. Del. 1989)).

[35] *In re Commercial Fin. Servs., Inc.*, No. 98-05162-R, 98-05166, ADV.PROC. 02-0110-M, 2003 WL 22927208, *3 (Bankr. N.D. Okla. Apr. 25, 2003) (citing *Matter of Lissner Corp.*, 115 B.R. 604, 608-612 (N.D. Ill. 1990); *In re Giorgio*, 50 B.R. 327, 328-329 (D. R.I. 1985); *In re White Motor Corp.*, 42 B.R. 693 (N.D. Ohio 1984)).

[36] *In re C.W. Min. Co.*, No. 2:12-cv-00418-TS, 2012 WL 4882295, *3 (D. Utah Oct. 15, 2012).

[37] DUCivR 83-7.4(c)(1).

[38] *In re Commercial Fin. Servs., Inc.*, 2003 WL 22927208, *3 (quoting *In re Mahlmann*, 149 B.R. 866, 869 (N.D. Ill. 1993)).

[39] DUCivR 83-7.4(c)(2).

The government's withdrawal motions regarding the Chapter 15 cases were filed 27 days after the cases' initiation on July 6, 2021.[40] This was the government's first action in the Chapter 15 cases. And at that time, the only motions filed in the cases were seeking their joint administration,[41] which remained pending. Additionally, while a hearing on the motions and the Chapter 15 petitions had been set, the hearing was scheduled for date that was over one month away (September 9, 2021).[42] Under these circumstances, the government's withdrawal motions relating to the Chapter 15 cases are timely under DUCivR 83-7.4(c)(1).

Similarly, the government's withdrawal motions regarding the two newly filed adversary proceedings are timely under DUCivR 83-7.4(c)(2). These motions were filed within 21 days after the adversary proceedings initiation on November 12, 2021.[43] This was the government's first act in these adversary proceedings. And at that time, there were no other motions filed in the adversary proceedings, nor does it appear that any discovery had occurred. Under these circumstances, the government's withdrawal motions relating to the newly filed adversary proceedings are timely under DUCivR 83-7.4(c)(2).

However, the government's withdrawal motions regarding the two adversary proceedings that were initiated in the District of Puerto Rico on March 5, 2020, are not timely under DUCivR 83-7.4(c)(2). The government made its first appearance in these adversary proceedings

---

[40] United States' Motion to Withdraw the Reference for Adversary Proceedings and Related Chapter 15 Cases, ECF no. 9 in HCPL Chapter 15 Case, ECF no. 7 in NCPL Chapter 15 Case, ECF no. 7 in WWIS Chapter 15 Case, filed Aug. 2, 2021.

[41] Foreign Representatives' Motion for Joint Administration of Chapter 15 Cases, ECF no. 4 in HCPL Chapter 15 Case, filed July 22, 2021; Foreign Representatives' Motion for Joint Administration of Related Chapter 7 Cases and Chapter 15 Cases, ECF no. 6 in HCPL Chapter 15 Case, filed July 22, 2021.

[42] Notice of Petition Seeking Continuing Recognition of Foreign Insolvency Proceedings Pursuant to Chapter 15 of the Bankruptcy Code and Notice of Hearing, ECF no. 3 in HCPL Chapter 15 Case, filed July 22, 2021; Notice of Foreign Representatives' Motion for Joint Administration of Chapter 15 Cases and Notice of Hearing, ECF no. 5 in HCLP Chapter 15 Case, filed July 22, 2021.

[43] United States' Motion to Withdraw the Reference of the Adversary Proceedings, ECF no. 3 in Second RiverCliff Adversary Proceeding, ECF no. 3 in Second Liberty Adversary Proceeding, filed Dec. 3, 2021.

on March 12, 2020.[44] DUCivR 83-7.4(c)(2) did not apply at that time because the adversary proceedings were in the District of Puerto Rico. And it does not appear that the District of Puerto Rico has an equivalent local rule regarding the timing of withdrawal motions. However, the adversary proceedings were transferred to the District of Utah in March 2021. And at that time, DUCivR 83-7.4(c)(2) is deemed effective.

The government did not choose to seek withdrawal of the bankruptcy references in the two adversary proceedings when they were initiated in the District of Puerto Rico in March 2020, or for over four months after the adversary proceedings were transferred to the District of Utah in March 2021. Instead, the government filed motions to dismiss the adversary proceedings[45] and participated in scheduling discovery in the adversary proceedings. The filing of the government's withdrawal motions on August 2, 2021, was well beyond the 21-day timeframe of DUCivR 83.7-7.4(c)(2). Nevertheless, this does not preclude the withdrawal of the bankruptcy references for these adversary proceedings.

The adversary proceedings initiated in the District of Puerto Rico are nearly identical to the newly filed adversary proceedings. The primary distinction between the two sets of adversary proceedings is that the Chapter 7 Trustee was added as a named plaintiff in the newly filed adversary proceedings through agreement with the Foreign Representatives. Substantively, the two sets of adversary proceedings raise the same claims and issues.

---

[44] Notice of Appearance and Request for Notice, ECF no. 6 in First RiverCliff Adversary Proceeding, filed Mar. 12, 2020; Notice of Appearance and Request for Notice, ECF no. 6 in First Liberty Adversary Proceeding, filed Mar. 12, 2020.

[45] United States' Motion to Dismiss Adversary Proceedings, ECF no. 81 in First RiverCliff Adversary Proceeding, filed Apr. 8, 2021; United States' Motion to Dismiss Adversary Proceedings, ECF no. 97 in First Liberty Adversary Proceeding, filed Apr. 8, 2021.

The government's withdrawal motions regarding the newly filed adversary proceedings (as well as regarding the Chapter 15 cases) are timely.[46] And the adversary proceedings initiated in the District of Puerto Rico are substantially identical to the newly filed adversary proceedings. It makes little sense to deny withdrawal of the bankruptcy references for the adversary proceedings initiated in the District of Puerto Rico based on the government's motions being untimely under DUCivR 83-7.4(c)(2). Rather, these circumstances warrant consideration, on the court's own motion, of the merits of the government's withdrawal motions regarding the adversary proceedings initiated in the District of Puerto Rico.

**Cause exists to withdraw the bankruptcy references for the adversary proceedings**

In determining whether cause exists for permissive withdrawal of a bankruptcy reference, the following factors are considered: "(1) whether the claim is a core [bankruptcy] proceeding; (2) judicial economy, convenience, and the bankruptcy court's knowledge of the facts; (3) uniformity and efficiency of bankruptcy administration; (4) reduction of forum shopping and confusion; (5) conservation of debtor and creditor resources; and (6) whether the parties have requested a jury trial."[47] Whether the claim is a core bankruptcy proceeding is generally considered the most important factor.[48] And permissive withdrawal of a bankruptcy reference is not favored.[49] Nevertheless, "a permissive withdrawal of the [bankruptcy] reference is within the sound discretion of the [district] court and predicated upon 'cause' shown on a case by case basis."[50]

---

[46] *Supra* Discussion at 7.

[47] *In re Rock Structures Excavating, Inc.*, No. 2:12-cv-00856-TS, 2013 WL 1284969, *2 (D. Utah Mar. 27, 2013) (citing *W. Utah Copper Co. v. Bridge Loan Capital Fund, LP*, No. 2:10-cv-01039-TS, 2011 WL 52511, *1 (D. Utah Jan. 6, 2011)).

[48] *In re Platinum Oil Props., LLC*, No. 09-cv-922 JC/LAM, 2010 WL 11623353, *2 (D. N.M. Apr. 7, 2010).

[49] *In re U.D. Dissolution Crt.*, No. 2:15-cv-00903-TC, 2016 WL 2903224, *2 (D. Utah May 18, 2016).

[50] *In re Am. Cmty. Servs., Inc.*, 86 B.R. 681, 686 (D. Utah 1988).

The District of Utah Bankruptcy Court correctly analyzed these factors in relation to the adversary proceedings when denying the government's motion to stay the bankruptcy proceedings pending resolution of its withdrawal motions.[51] As the Bankruptcy Court noted, "the cause factors present a mixed bag."[52] The first and third factors favor denying the government's withdrawal motions. The majority of claims raised and relief sought in the adversary proceedings (including fraudulent transfer, substantive consolidation, declaratory judgment to determine interest in property) are core bankruptcy proceedings arising in a Title 11 case or arise under Title 11.[53] And, as core proceedings, retaining the bankruptcy references would promote uniformity and efficiency of bankruptcy administration (particularly where the government has not sought to withdraw the bankruptcy references for the Chapter 7 cases).[54]

However, the second and fourth factors strongly favor granting the government's withdrawal motions. Having presided over a lengthy bench trial involving the core facts regarding the Liberty Property, which included a quite title counterclaim premised on the foreign investors' claimed interest in the Liberty Property, the District Court's familiarity and knowledge

---

[51] Transcript Regarding Hearing Held 09/01/2021 (Judge's Ruling Only) ("Transcript") at 12:7-16:15, ECF no. 43 in HCPL Chapter 15 Case, filed Sept. 29, 2021.

[52] *Id*. at 16:2.

[53] *Id*. at 12:24-14:3. "The matters at the core of the bankruptcy power are those directly pertaining to the administration of the debtor-creditor relationship." *In re Am. Cmty. Servs., Inc.*, 86 B.R. at 684 (citing *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71 (1982)). "In particular, core proceedings are those matters which arise in title 11 cases or arise under title 11." *Id*. at 684 n.4 (citing 28 U.S.C. § 157(b)). "Non-core proceedings include matters that are not core proceedings but are otherwise related to a case under title 11." *Id*. at 684 n.5 (citing 28 U.S.C. § 157(c)(1)). "The Tenth Circuit has described related proceedings as 'those civil proceedings that, in the absence of bankruptcy, could have been brought in a district court or state court.'" *Id*. (citing *In re Colo. Energy Supply, Inc.*, 728 F.2d 1283, 1286 (10th Cir. 1984)). "The bankruptcy court cannot enter final orders relating to non-core proceedings, unless the parties consent, but must submit proposed findings of fact and conclusions of law to a district court judge who will enter a final order." *Id*. at 685. "[W]hether [a] proceeding is core or non-core is a determination which may be appropriately made, in the first instances, by the bankruptcy court, not the district court." *In re Concept Clubs, Inc.*, 154 B.R. at 854 (citing *Hatzel & Buehler*, 106 B.R. at 369-370). But "the bankruptcy court's finding [regarding the nature or the proceeding] is unnecessary for [the district] court to determine whether it may withdraw the [bankruptcy] reference for cause." *Id*. at 855.

[54] Transcript in HCPL Chapter 15 Case at 14:19-15:2.

of the issues is much deeper than the Bankruptcy Court.[55] This knowledge overwhelmingly supports the withdrawal of the bankruptcy references to promote judicial economy and convenience, and will reduce confusion.[56] Both sides accuse the other of attempted forum shopping. But by placing the adversary proceedings in the District Court, which has superior familiarity with the facts and issues, the potential for negative impact caused by the accused forum shopping is avoided.

The fifth factor is, as the Bankruptcy Court put it, "neutral."[57] The adversary proceedings have not proceeded to the merits, and whether or not the bankruptcy references are withdrawn, the parties' resources will not be materially affected.

Finally, the sixth factor does not materially affect the analysis. Neither the adversary complaints nor the government's answers mention a jury.[58] And whether a jury trial will be requested at some future date is unknown.

On balance, despite the implication of core bankruptcy proceedings and the promotion of uniformity and efficiency of bankruptcy administration favoring the bankruptcy references, cause exists for withdrawing the references for the adversary proceedings. The close relation of the factual and legal issues raised in the adversary proceedings to those of the prior District of Utah bench trial are preeminent. And ultimately, the outcome of the adversary proceedings has the potential to impact the final judgment entered following the bench trial. Withdrawal of the bankruptcy references will also greatly promote judicial economy and convenience while reducing confusion and the potential for any negative impact of forum shopping. Therefore, the

---

[55] *Id*. at 14:4-18.

[56] *Id*. at 15:3-10.

[57] *Id*. at 15:13.

[58] *Id*. at 15:17-20.

of the issues is much deeper than the Bankruptcy Court.[55] This knowledge overwhelmingly supports the withdrawal of the bankruptcy references to promote judicial economy and convenience, and will reduce confusion.[56] Both sides accuse the other of attempted forum shopping. But by placing the adversary proceedings in the District Court, which has superior familiarity with the facts and issues, the potential for negative impact caused by the accused forum shopping is avoided.

The fifth factor is, as the Bankruptcy Court put it, "neutral."[57] The adversary proceedings have not proceeded to the merits, and whether or not the bankruptcy references are withdrawn, the parties' resources will not be materially affected.

Finally, the sixth factor does not materially affect the analysis. Neither the adversary complaints nor the government's answers mention a jury.[58] And whether a jury trial will be requested at some future date is unknown.

On balance, despite the implication of core bankruptcy proceedings and the promotion of uniformity and efficiency of bankruptcy administration favoring the bankruptcy references, cause exists for withdrawing the references for the adversary proceedings. The close relation of the factual and legal issues raised in the adversary proceedings to those of the prior District of Utah bench trial are preeminent. And ultimately, the outcome of the adversary proceedings has the potential to impact the final judgment entered following the bench trial. Withdrawal of the bankruptcy references will also greatly promote judicial economy and convenience while reducing confusion and the potential for any negative impact of forum shopping. Therefore, the

---

[55] *Id*. at 14:4-18.

[56] *Id*. at 15:3-10.

[57] *Id*. at 15:13.

[58] *Id*. at 15:17-20.

government's motions to withdraw the bankruptcy references for the adversary proceedings[59] are GRANTED.

### Cause does not exist at this time to withdraw the bankruptcy references in the Chapter 15 cases

Unlike the adversary proceedings, a balance of the "cause" factors in relation to the Chapter 15 cases does not favor withdrawal of the bankruptcy references. As the Bankruptcy Court recognized, "the Chapter 15 cases unequivocally are core [bankruptcy] proceedings" which are expressly identified as core proceedings under 28 U.S.C. § 157(b)(2)(p).[60] Retaining the bankruptcy references for these core proceedings will also promote uniformity and efficiency of bankruptcy administration.[61] Judicial economy, convenience, the Bankruptcy Court's knowledge of the facts, and the reduction of confusion and forum shopping also favor retention of the bankruptcy references for the Chapter 15 cases. This is because, unlike the adversary proceedings, the District Court has no specialized knowledge of the facts bearing on recognition of the BVI insolvency case as a foreign main proceeding.[62] Additionally, conservation of the parties' resources is a neutral factor.[63] And Chapter 15 cases do not involve jury trials, nor have the parties requested a jury trial.[64] It is also noteworthy that the Bankruptcy Court has already entered an order recognizing the BVI insolvency case as a foreign main proceeding,[65] effectively eliminating any need for the Chapter 15 cases to be withdrawn at this time.

---

[59] Docket no. 17, filed Aug. 25, 2021; docket no. 19, filed Aug. 25, 2021; docket no. 25, filed Jan. 18, 2022; docket no. 27, filed Jan. 18, 2022.

[60] Transcript in HCPL Chapter 15 Case at 18:15-19.

[61] *Id*. at 19:8-12.

[62] *Id*. at 19:1-7, 19:18-23.

[63] *Id*. at 19:24-25.

[64] *Id*. at 20:1-3.

[65] Order Granting Recognition as Foreign Main Proceedings, ECF no. 46 in HCPL Chapter 15 Case, filed Oct. 8, 2021.

Because none of the "cause" factors support withdrawing the bankruptcy references for the Chapter 15 cases, cause does not exist at this time to withdraw the references. Nevertheless, the balance of the "cause" factors regarding the Chapter 15 cases may change over time as the parties continue to litigate through the Chapter 7 cases, Chapter 15 cases, and the adversary proceedings. Therefore, the government's motions to withdraw the bankruptcy references for the Chapter 15 cases[66] are DENIED without prejudice to being renewed later.

## ORDER

IT IS HEREBY ORDERED that the government's motions to withdraw the bankruptcy references for the four adversary proceedings[67] are GRANTED. The bankruptcy references are WITHDRAWN for the following cases:

- *Wilson et al. v. RiverCliff Farm, Inc. et al.*, No. 21-02030 (Bankr. D. Utah);
- *Borrelli et al. v. Western Land & Livestock, LLC et al.*, No. 21-02031 (Bankr. D. Utah);
- *Rupp et al. v. RiverCliff Farm, Inc. et al.*, No. 21-02106 (Bankr. D. Utah); and
- *Rupp et al. v. Western Land & Livestock, LLC et al.*, No. 21-02108 (Bankr. D. Utah).

IT IS FURTHER ORDERED that the government's motions to withdraw the bankruptcy references for the three Chapter 15 cases[68] are DENIED without prejudice. The bankruptcy references remain for the following cases:

- *In re: Heng Cheong Pacific Limited (BVI)*, No. 21-22947 (Bankr. D. Utah);
- *In re: New Century Properties Limited (BVI)*, No. 21-22950 (Bankr. D. Utah);
- *In re: World-Wide Investment Services Limited (BVI)*, No. 21-22955 (Bankr. D. Utah).

---

[66] Docket no. 2, filed Aug. 3, 2021; docket no. 13, filed Aug. 25, 2021; docket no. 15, filed Aug. 25, 2021.

[67] Docket no. 17, filed Aug. 25, 2021; docket no. 19, filed Aug. 25, 2021; docket no. 25, filed Jan. 18, 2022; docket no. 27, filed Jan. 18, 2022.

[68] Docket no. 2, filed Aug. 3, 2021; docket no. 13, filed Aug. 25, 2021; docket no. 15, filed Aug. 25, 2021.

IT IS FURTHER ORDERED that by no later than June 17, 2022, the parties must meet, confer, and jointly file a report stating the status of the four adversary proceedings, the three Chapter 7 cases, the three Chapter 15 cases, and the BVI insolvency case. And by no later than July 1, 2022, the parties must jointly file a proposed scheduling order to govern the four adversary proceedings in the District Court.

Signed May 26, 2022.

BY THE COURT

_____
David Nuffer
United States District Judge