THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>World-Wide Investment Services Limited (BVI);<br><br>Heng Cheong Pacific Limited (BVI);<br><br>New Century Properties Limited (BVI).<br><br>    Debtor. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO AMEND ANSWERS**<br><br>Case No. 2:21-cv-00473-DN<br><br>District Judge David Nuffer |
| STEPHEN W. RUPP, as Chapter 7 Trustee; and COSIMO BORRELLI and MEADE MALONE, collectively as the Foreign Representatives,<br><br>    Plaintiffs,<br><br>v.<br><br>RIVERCLIFF FARM, INC.; UNITED STATES OF AMERICA; and DOES 1-50,<br><br>    Defendants. | |

| | |
|---|---|
| STEPHEN W. RUPP, as Chapter 7 Trustee; and COSIMO BORRELLI and MEADE MALONE, collectively as the Foreign Representatives,<br><br>     Plaintiffs,<br><br>v.<br><br>WESTERN LAND & LIVESTOCK, LLC; UNITED STATES OF AMERICA; and DOES 1-50,<br><br>     Defendants. | |
| COSIMO BORRELLI and MEADE MALONE, collectively as the Foreign Representatives,<br><br>     Plaintiffs,<br><br>v.<br><br>RIVERCLIFF FARM, INC.; UNITED STATES OF AMERICA; and DOES 1-50,<br><br>     Defendants. | |
| COSIMO BORRELLI and MEADE MALONE, collectively as the Foreign Representatives,<br><br>     Plaintiffs,<br><br>v.<br><br>WESTERN LAND & LIVESTOCK, LLC; UNITED STATES OF AMERICA; and DOES 1-50,<br><br>     Defendants. | |

The government seeks to amend its answers in two of the consolidated adversary proceedings to assert counterclaims and join parties ("Motions to Amend").[1] Because the Motions to Amend are timely and will not cause undue prejudice, and joinder of the proposed counterclaim defendants is necessary and appropriate, the Motions to Amend[2] are GRANTED.

## DISCUSSION

FED. R. CIV. P. 15 provides that "[t]he court should freely give leave [to amend] when justice so requires."[3] The Rule "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[4] Thus, "[t]he district court has wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation."[5] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6]

The government seeks to amend its answers to include counterclaims and join parties.[7] Specifically, the government seeks to assert counterclaims for declaratory relief to determine all potential claims against proceeds of the two properties at issue in the adversary proceedings.[8]

---

[1] United States' Motion to Amend Answer to Assert a Counterclaim and to Join Required Parties ("Motion re RiverCliff"), docket no. 41-6, filed May 31, 2022 (originally filed in *Rupp et al. v. RiverCliff Farm, Inc. et al*, No. 21-02106 (Bankr. D. Utah) ("RiverCliff Adversary Proceeding"), as ECF no. 19 on Apr. 15, 2022); United States' Motion to Amend Answer to Assert a Counterclaim and to Join Required Parties ("Motion re Liberty"), docket no. 41-7, filed May 31, 2022 (originally filed in *Rupp et al. v. Western Land & Livestock, LLC et al.*, No. 21-02108 (Bankr. D. Utah) ("Liberty Adversary Proceeding"), as EFC no. 19 on Apr. 15, 2022) (collectively, "Motions to Amend").

[2] Docket no. 41-6, filed May 31, 2022; docket no. 41-7, filed May 31, 2022.

[3] FED. R. CIV. P. 15(a)(2).

[4] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotations omitted).

[5] *Id*. (internal quotations omitted).

[6] *Id*. (internal quotations omitted).

[7] Motions to Amend.

[8] Motion re RiverCliff at 4; Motion re Liberty at 4.

The government seeks join as a counterclaim defendants Western Reserve Mortgage, LLC and John Wadsworth, individually and as trustee of the RBT Victim Recovery Trust, based on their prior assertions of interests in the properties.[9] The government argues that the proposed amendments will allow for complete adjudication of the validity and priority of interests in the properties thereby avoiding subsequent litigation and potential for inconsistent judgments.[10]

Plaintiffs oppose the Motions to Amend arguing that they are untimely, and that the proposed counterclaim defendants are not necessary and indispensable parties to the resolution of their claims.[11] Significantly, Plaintiffs do not argue that the proposed amended answers will cause undue prejudice; that the government has acted in bad faith or with dilatory motive; or that the proposed amendments are futile. The record also does not support a finding of undue prejudice, bad faith or dilatory motive, or futility. Therefore, disposition of the government's Motions to Amend will turn on their timeliness and whether the proposed counterclaim defendants may be appropriately joined in the action.

**Timeliness:** The government's Motions to Amend were timely under the Bankruptcy Court's governing scheduling orders. The Motions to Amend were originally filed on April 15, 2022, which was the deadline set by the Bankruptcy Court for filing motions for joinder of

---

[9] Motion re RiverCliff at 2; Motion re Liberty at 2. The government asserts that Western Reserve Mortgage, LLC has previously asserted interest in the property located in Liberty, Utah. Motion re Liberty at 7-10. The government asserts that John Wadsworth, individually and as trustee of the RBT Victim Recovery Trust, has previously asserted interests in the property located in Corbett, Oregon, and the property located in Liberty, Utah. *Id*. at 10-11; Motion re RiverCliff at 7-11.

[10] Motion re RiverCliff at 7-11; Motion re Liberty at 7-14.

[11] Objection to United States' Motion to Amend Answer to Assert a Counterclaim and to Join Required Parties ("Response re RiverCliff") at 2-3, 6-10, docket no. 41-8, filed May 31, 2022 (originally filed in RiverCliff Adversary Proceeding as ECF no. 25 on May 23, 2022); Objection to United States' Motion to Amend Answer to Assert a Counterclaim and to Join Required Parties ("Response re Liberty") at 2-3, 6-10, docket 41-9, filed May 31, 2022 (originally filed in Liberty Adversary Proceeding as EFC no. 25 on May 23, 2022).

parties or amendment of pleadings.[12] The Bankruptcy Court set this deadline in response to motions of the government which expressly asserted the government's desire to amend answers to include counterclaims and join parties that had previously asserted interests in the properties.[13] The Bankruptcy Court found that the government had established good cause for the deadline extension and expressly considered that Plaintiffs did not oppose the motions.[14]

Had Plaintiffs believed that the Motions to Amend were unduly delayed in the context of the adversary proceedings, they should have raised such argument to the Bankruptcy Court and opposed the government's motions which sought the April 15, 2022 deadline. Regardless, the proceedings remain in their initial stages. The adversary proceedings were initiated in the Bankruptcy Court on November 30, 2021.[15] Fact discovery is ongoing, with a deadline of December 30, 2022, and trial is not set to begin until October 23, 2023.[16] On this record, the government's filing of the Motions to Amend was not unduly delayed. The Motions to Amend are timely.

**Appropriateness of Joinder:** Joinder of the proposed counterclaim defendants is also appropriate under the circumstances. FED R. CIV. P. 13 permits the filing of permissive

---

[12] Order Granting the United States' Motion to Extend Time to File Motions for Joinder of Parties or Amendment of Pleadings (Order Granting Extension re RiverCliff") at 2, docket 41-4, filed May 31, 2022 (originally filed in RiverCliff Adversary Proceedings as ECF no. 23 on May 2, 2022); Order Granting the United States' Motion to Extend Time to File Motions for Joinder of Parties or Amendment of Pleadings ("Order Granting Extension re Liberty") at 2, docket 41-5, filed May 31, 2022 (originally filed in Liberty Adversary Proceeding as EFC no. 23 on May 2, 2022).

[13] United States' Motion to Extend Time to File Motions for Joinder of Parties or Amendment of Pleadings at 2-3, docket no. 41-2, filed May 31, 2022 (originally filed in RiverCliff Adversary Proceeding as ECF no. 17 on Mar. 25, 2022); United States' Motion to Extend Time to File Motions for Joinder of Parties or Amendment of Pleadings at 2-3, docket no. 41-3, filed May 31, 2022 (originally filed in Liberty Adversary Proceeding as ECF no. 17 on Mar. 25, 2022).

[14] Order Granting Extension re RiverCliff at 1-2; Order Granting Extension re Liberty at 1-2.

[15] Complaint for Declaratory and Other Relief, ECF no. 1 in RiverCliff Adversary Proceeding, filed Nov. 12, 2021; Complaint for Declaratory and Other Relief, ECF no. 1 in Liberty Adversary Proceeding, filed Nov. 12, 2021.

[16] Scheduling Order at 4, 6, docket no. 46, filed July 20, 2022.

counterclaims which request relief that "exceeds in amount or differs in kind" from the relief sought in a complaint.[17] The Rule also permits joinder of additional parties to a counterclaim subject to the requirements of FED. R. CIV. P. 19 and 20.[18]

Under FED. R. CIV. P. 19(a)(1)(B)(ii), a party's joinder is mandatory when the party "is subject to service of process[;]" "joinder will not deprive the court of subject-matter jurisdiction[;]" and the party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[19] And under FED. R. CIV. P. 20(a)(2) permissive joinder of defendants is appropriate when:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.[20]

Plaintiffs frame their claims in the adversary proceedings as seeking determination of the debtors' interests in the properties via substantive consolidation of the record title holders, a determination that the properties are property of the debtors' estates, or avoidance of fraudulent transfers.[21] And to the extent the properties are property of the debtors' estates or returned to the estates, Plaintiffs seek avoidance of the government's tax liens on the properties.[22] Viewed narrowly, Plaintiffs' claims do not necessarily require a determination of the proposed

---

[17] FED. R. CIV. P. 13(b), (c).

[18] *Id.* at 13(h).

[19] *Id.* at 19(a)(1)(B)(ii).

[20] *Id.* at 20(a)(2).

[21] Response re RiverCliff at 2; Response re Liberty at 2.

[22] Response re RiverCliff at 2; Response re Liberty at 2.

counterclaim defendants' interests in the properties. But even so, that is not the only test for whether joinder is required under Rule 19 or permissible under Rule 20.

For purposes of Rule 19(a)(1)(B)(ii), there is no dispute that the proposed counterclaim defendants are subject to service of process or that their joinder will not deprive the court of subject-matter jurisdiction.[23] There is also no dispute that the proposed counterclaim defendants have previously claimed interests in the properties through other litigation.[24] And while Plaintiffs assert that the government is the only party currently asserting a lien or other interest in the properties,[25] this does not mean there is not a substantial risk of incurring double, multiple, or otherwise inconsistent obligations arising from the proposed counterclaim defendants' claimed interests. Indeed, Plaintiffs appointment as Chapter 7 trustee and Foreign Representatives in the debtors' involuntary Chapter 7 and Chapter 15 bankruptcy proceedings was dependent on the proceedings being initiated by a subgroup of foreign investors within the RBT Victim Recovery Trust (of which John Wadsworth is the purported trustee).[26] This strongly suggests a continuing desire of these individuals to claim interest in assets of the debtors' estates, which would include the properties if Plaintiffs' claims in the adversary proceedings are successful.

These adversary proceedings are the current iteration of multiple litigation that has already occurred regarding determination of the validity and priority of interests in the

---

[23] The government asserts that Western Reserve Mortgage, LLC is a Wyoming limited liability company with a recorded claim to real property located in Utah. Motion re Liberty at 10. The government asserts that John Wadsworth is a United States citizen who to reside in Puerto Rico. *Id*. at 12; Motion re RiverCliff at 9. And the government asserts the RBT Victim Recovery Trust is a Nevada trust. Motion re Liberty at 12; Motion re RiverCliff at 9.

[24] Memorandum Decision and Order (1) Granting Motions to Withdraw Bankruptcy References for Adversary Proceedings and (2) Denying Motions to Withdraw Bankruptcy References for Chapter 15 Cases ("Order Withdrawing References") at 3-4, docket no. 36, filed May 26, 2022 (discussing prior litigation involving the properties and the proposed counterclaim defendants).

[25] Response re RiverCliff at 9; Response re Liberty at 9-10.

[26] Order Withdrawing References at 4-6 (discussing procedural history of the debtors' Chapter 7 and 15 bankruptcy proceedings and the adversary proceedings).

properties.[27] In no one case have all individuals and entities claiming interests in the properties been parties. Resolving Plaintiffs' claims without regard to known individuals and entities that have claimed interests in the properties creates substantial risk of further litigation regarding the validity and priority of interests in the properties. Therefore, to avoid a substantial risk of double, multiple, or otherwise inconsistent obligations Rule 19(a)(1)(B)(ii) requires joinder of the proposed counterclaim defendants.

In a similar vein, permissive joinder of the proposed counterclaim defendants is appropriate under Rule 20(a)(2). The claimed interests of Plaintiffs, the government, Defendants, and the proposed counterclaim defendants are "with respect to or arise out of the same transaction, occurrence, or series of transactions or occurrences"[28] that led to the ownership of the properties. And determination of the validity and priority of interests in the property among these parties necessarily involves common questions of law and fact.[29] After multiple rounds of prior litigation,[30] the time has come to put an end to litigation involving who is entitled to these properties and the proceeds of their sale. To do so, the known individuals and entities claiming interests in the properties should be made party to these adversary proceedings. Therefore, permissive joinder of the proposed counterclaim defendants is appropriate.

Because the government's Motions to Amend are timely and will not cause undue prejudice, and because joinder of the proposed counterclaim defendants is necessary and appropriate, the Motions to Amend[31] are GRANTED.

---

[27] *Id.* at 3-6 (discussing procedural history of these proceedings and prior litigation involving the properties).

[28] FED. R. CIV. P. 20(a)(2)(A).

[29] *Id.* at 20(a)(2)(B).

[30] Order Withdrawing References at 4-6 (discussing procedural history of the debtors' Chapter 7 and 15 bankruptcy proceedings and the adversary proceedings).

[31] Docket no. 41-6, filed May 31, 2022; docket no. 41-7, filed May 31, 2022.

## ORDER

IT IS HEREBY ORDERED that the government's Motions to Amend[32] are GRANTED.

The government must file its amended answers by no later than July 29, 2022.

Signed July 22, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[32] Docket no. 41-6, filed May 31, 2022; docket no. 41-7, filed May 31, 2022.