THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>HENG CHEONG PACIFIC LIMITED (BVI);<br><br>WORLD WIDE INVESTMENT SERVICES LIMITED (BVI);<br><br>NEW CENTURY PROPERTIES LIMITED (BVI).<br><br>Debtors. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 2:21-cv-00473-DN-CMR<br><br>District Judge David Nuffer |

As part of the adversary proceedings in this bankruptcy action, the government filed Counterclaims for declaratory judgment seeking determination of the validity and priority of its federal tax liens against certain real property located in Utah and Oregon (respectively, the "Liberty Property" and the "RiverCliff Property;" collectively, the "Properties").[1] The Counterclaims name as defendants all known individuals and entities asserting interests in the Properties, including:

- Stephen Rupp, the Chapter 7 Trustee of the Debtors' bankruptcy estates;

- Cosimo Borrelli and Meade Malone, the Foreign Representatives of the Debtors' estates;

- Western Land & Livestock, LLC ("Western Land") and Western Reserve Mortgage, LLC ("Western Reserve") (collectively, the "Western Entities");

---

[1] United States' Amended Answer and Counterclaim Re The Liberty Property ("Counterclaim re: Liberty Property"), docket no. 50, filed July 27, 2022; United States' Amended Answer and Counterclaim Re The RiverCliff Property ("Counterclaim re: RiverCliff Property"), docket no. 51, filed July 27, 2022 (collectively, "Counterclaims").

- RiverCliff Farm, Inc. ("RiverCliff Farm"); and

- John Wadsworth, individually and as trustee of the RBT Victim Recovery Trust.[2]

The Western Entities and Mr. Wadsworth seek dismissal the government's Counterclaims arguing that subject matter jurisdiction is divested by pending appeals before the Ninth and Tenth Circuit Courts of Appeals which arose from other litigation involving the Properties ("Motion to Dismiss).[3]

Because the Western Entities and Mr. Wadsworth's divestment theory is based on an erroneous interpretation of the law, their Motion to Dismiss[4] is DENIED.

## DISCUSSION

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms[:]" (1) a facial attack on the sufficiency of the pleading; and (2) a factual attack that goes beyond the pleading's allegations to challenge the facts upon which subject matter jurisdiction depends.[5] For a facial attack, the allegations in the pleading are accepted as true.[6] But on a factual attack, the truthfulness of the pleading's factual allegations is not presumed.[7]

The Western Entities and Mr. Wadsworth's Motion to Dismiss is a factual attack on subject matter jurisdiction. It is based on factual assertions regarding prior litigation involving the Properties that go beyond the Counterclaims' allegations.[8]

---

[2] Counterclaim re: Liberty Property at ¶¶ 6-11 at 53; Counterclaim re: RiverCliff Property ¶¶ 6-10 at 48. The government's Counterclaims are more appropriately characterized as cross-claims regarding the Western Entities and RiverCliff Farm, and as third-party claims regarding Mr. Wadsworth.

[3] Joint Motion to Dismiss ("Motion to Dismiss") at 8-9, docket no. 87, filed Dec. 13, 2022.

[4] Docket no. 87, filed Dec. 13, 2022.

[5] *Holt v. United States*, 46 F.3d 1000, 1002-1003 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001).

[6] *Id.* at 1002.

[7] *Id.* at 1003.

[8] Motion to Dismiss ¶¶ 1-18 at 3-8.

"A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[9] "In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion."[10] "However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."[11] "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case."[12]

Many of the factual assertions within the Western Entities and Mr. Wadsworth's Motion to Dismiss intertwine with the Counterclaims' merits. The Counterclaims are brought pursuant to 26 U.S.C. § 7403,[13] which confers subject matter jurisdiction for claims brought by the government to enforce federal tax liens.[14] And the statute provides that "[a]ll persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."[15] Nevertheless, resolution of the jurisdictional question raised by the Motion to Dismiss is not intertwined with the Counterclaims' merits. This is because the divestment theory raised in the Motion to Dismiss is an erroneous interpretation of the law.

The Western Entities and Mr. Wadsworth's divestment theory relies solely on legal authorities involving the jurisdictional effects that an appeal from a district court judgment has

---

[9] *Holt*, 46 F.3d at 1003.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] Counterclaim re: Liberty Property at ¶ 18 at 54-55; Counterclaim re: RiverCliff Property ¶ 19 at 50.

[14] 26 U.S.C. § 7403(a).

[15] *Id.* § 7403(b).

3

on the case from which the appeal is taken.[16] These authorities stand for the proposition that "[t]he filing a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects *of the case involved in the appeal*."[17] This is because "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over *[the same] case* simultaneously."[18]

These authorities have no application to the government's Counterclaims. This is a consolidated action involving adversary proceedings arising in a bankruptcy case where no appeal is pending. This case is wholly separate from the prior litigation involving the Properties from which the appeals before the Ninth and Tenth Circuits are pending. The authorities the Western Entities and Mr. Wadsworth rely on support divestment of the district court's jurisdiction in the Utah and Oregon cases from which the pending appeals were taken. But they do not support divestment of a district court's jurisdiction in separate litigation, such as this consolidated action.[19] Therefore, the Motion to Dismiss[20] is DENIED.

The denial of the Motion to Dismiss is not to be viewed as determination on the other arguments raised in the parties' briefing. In their briefing, the parties argue for application of the doctrine of res judicata to the government's Counterclaims. The government raised res judicata

---

[16] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *Warren v. Am. Bankers Ins. of Florida*, 507 F.3d 1239, 1242 (10th Cir. 2007); FED. R. APP. P. 4(a)(4).

[17] *Griggs*, 459 U.S. at 58 (emphasis added).

[18] *Id*. (emphasis added).

[19] The Western Entities and Mr. Wadsworth abandon their divestment theory in their Reply brief. Joint Reply to United States' Response to Motion to Dismiss ("Reply"), docket no. 98, filed Jan. 31, 2023. The Reply does not include any additional argument or citation to legal authority to support the theory. Nor does the Reply address the government's arguments that the legal authorities on which the theory relies are the inapplicable to the Counterclaims. United States' Response to John Wadsworth's and the Western Parties' Motion to Dismiss ("Response") at 8-12, docket no. 95, filed Jan. 17, 2023. Instead, the Reply argues a new ground for dismissal of the Counterclaims, *i.e.*, res judicata based on claim-splitting. Reply at 3-9. The Western Entities and Mr. Wadsworth's abandonment of their divestment theory effectively concedes that the theory lacks merit.

[20] Docket no. 87, filed Dec. 13, 2022.

as a basis for granting judgment against the Western Entities and Mr. Wadsworth, and requested that a briefing schedule on the issue be set.[21] And the Western Entities and Mr. Wadsworth raised res judicata based on claim-splitting as an additional ground for dismissing the Counterclaims.[22] These arguments were improperly raised in response and reply to the Motion to Dismiss,[23] and their resolution is appropriately left for another day when the issues are properly raised by motion and fully briefed.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Western Entities and Mr. Wadsworth's Motion to Dismiss[24] is DENIED.

Signed July 25, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[21] Response at 12-15.

[22] Reply at 3-9.

[23] DUCivR 7-1(a)(3) ("A party may not make a motion, including a motion under FED. R. CIV. P. 56(d), or a cross-motion in a response or reply. Any motion must be separately filed.").

[24] Docket no. 87, filed Dec. 13, 2022.