THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>HENG CHEONG PACIFIC LIMITED (BVI);<br><br>WORLD WIDE INVESTMENT SERVICES LIMITED (BVI);<br><br>NEW CENTURY PROPERTIES LIMITED (BVI).<br><br>Debtors. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 2:21-cv-00473-DN-CMR<br><br>District Judge David Nuffer |

As part of the adversary proceedings in this consolidated bankruptcy action, the government filed Counterclaims for declaratory judgment seeking determination of the validity and priority of its federal tax liens against certain real property located in Oregon and Utah (respectively, the "RiverCliff Property" and the "Liberty Property;" collectively, the "Properties").[1] The Counterclaims name as defendants all known individuals and entities asserting claims to or interests in the Properties, including:

- Stephen W. Rupp, the Chapter 7 Trustee of the Debtors' bankruptcy estates;[2]

- Cosimo Borrelli and Meade Malone, the Foreign Representatives of the Debtors' estates;

- Western Land & Livestock, LLC ("Western Land") and Western Reserve Mortgage, LLC ("Western Reserve") (collectively, the "Western Entities");

---

[1] United States' Amended Answer and Counterclaim Re The Liberty Property ("Counterclaim re: Liberty Property"), docket no. 50, filed July 27, 2022; United States' Amended Answer and Counterclaim Re The RiverCliff Property ("Counterclaim re: RiverCliff Property"), docket no. 51, filed July 27, 2022 (collectively, "Counterclaims").

[2] On May 8, 2023, Stephen W. Rupp resigned as Chapter 7 Trustee for the Debtors' bankruptcy estates, and David L. Miller was subsequently substituted as the Successor Chapter 7 Trustee. Order Granting [100] Motion to Substitute Party, docket no. 102, filed June 15, 2023.

- RiverCliff Farm, Inc. ("RiverCliff Farm"); and

- John Wadsworth, individually and as trustee of the RBT Victim Recovery Trust.[3]

The Western Entities and Mr. Wadsworth seek dismissal the government's Counterclaims arguing that the Counterclaims violate the rule against claim splitting and are contingent and unripe ("Motion to Dismiss").[4]

Because the government's Counterclaims are properly and appropriately asserted in this case, the Motion to Dismiss[5] is DENIED.

## DISCUSSION

"It is well-settled that a plaintiff may not use the tactic of filing two substantially identical complaints to expand the procedural rights [it] would have otherwise enjoyed."[6] "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of fact in one lawsuit."[7] "By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste scarce judicial resources and undermine the efficient

---

[3] Counterclaim re: Liberty Property at ¶¶ 6-11 at 53; Counterclaim re: RiverCliff Property ¶¶ 6-10 at 48. The government's Counterclaims are more appropriately characterized as cross claims against the Western Entities and RiverCliff Farm, and as third-party claims against Mr. Wadsworth.

[4] Joint Motion to Dismiss ("Motion to Dismiss"), docket no. 117, filed Aug. 14, 2023. This is the Western Entities and Mr. Wadsworth's second attempt to obtain dismissal of the government's Counterclaims before answering. In their prior attempt, the Western Entities and Mr. Wadsworth argued that subject matter jurisdiction was lacking based on a divestment theory. Joint Motion to Dismiss, docket no. 87, filed Dec. 13, 2022. The prior motion to dismiss was denied because the Western Entities and Mr. Wadsworth divestment theory was an erroneous interpretation of the law. Memorandum Decision and Order Denying Motion to Dismiss, docket no. 107, filed July 25, 2023.

[5] Docket no. 117, filed Aug. 14, 2023.

[6] *Bank of the West v. Whitney*, No. 2:17-cv-00210 TS, 2017 WL 4539323, *2 (D. Utah Oct. 10, 2017) (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002).

[7] *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).

and comprehensive disposition of cases."[8] Therefore, "[d]istrict courts have discretion to control their dockets by dismissing duplicative cases."[9]

Courts "analyze claim splitting as an aspect of res judicata[.]"[10] However, "the claim-splitting doctrine does not fall within a conventional res judicata analysis."[11] This is because "claim splitting is more concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments."[12] Thus, "the test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit."[13]

District Courts in Oregon and Utah have respectively entered final judgments recognizing the validity and priority of the government's federal tax liens on the RiverCliff Property and the Liberty Property.[14] The government and the Western Entities and Mr. Wadsworth agree that the issues between them in the government's Counterclaims are substantially the same as the issues that the Western Entities and Mr. Wadsworth raised in appeals of these final judgments which are pending before the Ninth and Tenth Circuit Courts of Appeals.[15] But the government and the Western Entities and Mr. Wadsworth disagree regarding the effect of the final judgments and appeals on the government's Counterclaims. The government argues that the final judgments

---

[8] *Id*. (internal quotations omitted).

[9] *Id*.

[10] *Id*. at 1218.

[11] *Id*.

[12] *Id*.

[13] *Id*.

[14] Judgment, ECF 57 in *United States v. RiverCliff Farm, Inc.*, No. 3:16-cv-01248-SI (D. Or.), filed Aug. 15, 2017; Judgment, ECF 69 in *Wadsworth v. Talmage*, No. 3:16-cv-02082-SI (D. Or.), filed Sept. 29, 2017; Amended Judgment in a Civil Case, ECF 339 in *United States v. Talmage*, No. 1:16-cv-0019-DN-JCB (D. Utah), filed Dec. 2, 2019.

[15] Motion to Dismiss at 10; United States' Response to Joint Motion to Dismiss ("Response") at 1, docket no. 126, filed Sept. 11, 2023.

have a res judicata effect on the challenges in this case to the validity and priority of its federal tax liens on the Properties.[16] The Western Entities and Mr. Wadsworth argue that the pending appeals demonstrate that the government's Counterclaims violate the rule against claim splitting.[17] The Western Entities and Mr. Wadsworth are incorrect.

This consolidated action arises from the involuntary recitation of defunct foreign entities through bankruptcy proceedings.[18] The bankruptcy proceedings were initiated after the Oregon and Utah District Courts entered the final judgments in favor of the validity and priority of the government's federal tax liens on the Properties. And the adversary proceedings within the bankruptcy proceedings which gave rise to the government's Counterclaims were initiated by the Chapter 7 Trustee and Foreign Representatives as an attempt to claim interest in the RiverCliff Property and the Liberty Property.[19]

The government did not initiate the bankruptcy proceedings or the adversary proceedings. And the government's Counterclaims are not an improper tactical attempt to expand its procedural rights. Rather, the government's Counterclaims are an attempt to protect its final judgments regarding the Properties and to ensure that all known individuals and entities asserting claims to or interests in the Properties are before one court.

---

[16] Response at 7-15.

[17] Motion at 10-14.

[18] Involuntary Petition Against a Non-Individual, ECF 1 in *In re: Heng Cheong Pacific Limited (BVI)*, No. 21-21115 (Bankr. D. Utah), filed Aug. 27, 2019; Involuntary Petition Against a Non-Individual, ECF 1 in *In re: World-Wide Investment Services Limited (BVI)*, No. 21-21131 (Bankr. D. Utah), filed Aug. 27, 2019; Involuntary Petition Against a Non-Individual, ECF 1 in *In re: New Century Properties Limited (BVI)*, No. 21-21133 (Bankr. D. Utah), filed Aug. 27, 2019; Order entered Oct. 30, 2019 in *Yamakawa v. World-Wide Investment Services Limited et al.*, No. BVIHCOM2019/0132 (High Court Territory of the Virgin Islands), docket no. 2-9, filed Aug. 3, 2021.

[19] Complaint for Declaratory and Other Relief, ECF 1 in *Wilson v. RiverCliff Farm, Inc.*, No. 21-02030 (Bankr. D. Utah), filed Mar. 5, 2020; Complaint for Declaratory and Other Relief, ECF 1 in *Borrelli v. Western Land & Livestock, LLC*, No. 21-02031(Bankr. D. Utah), filed Mar. 5, 2020; Complaint for Declaratory and Other Relief, ECF 1 in *Rupp v. RiverCliff Farm, Inc.*, No. 21-02106 (Bankr. D. Utah), filed Nov. 12, 2021; Complaint for Declaratory and Other Relief, ECF 1 in *Rupp v. Western Land & Livestock, LLC*, No. 21-02108 (Bankr. D. Utah), filed Nov. 12, 2021.

The government's naming of all persons and entities asserting claims to or interest in the Properties was required by statute.[20] The government's Counterclaims do not present a situation of wasting judicial resources or undermining the efficient and comprehensive disposition of cases. To the contrary, the appropriateness of the government's Counterclaims was previously determined in this case:

> These adversary proceedings are the current iteration of multiple litigation that has already occurred regarding determination of the validity and priority of interest in the [P]roperties. In no one case have all individuals and entities claiming interest in the [P]roperties been parties. Resolving Plaintiff's claims without regard to known individuals and entities that have claimed interests in the properties [(and continue to do so)] creates substantial risk of further litigation regarding the validity and priority of interests in the [P]roperties.
>
> ***
>
> After multiple rounds of prior litigation, the time has come to put an end to litigation involving who is entitled to these [P]roperies and the proceeds of their sale. To do so, the known individuals and entities claiming interests in the [P]roperties [must] be made party to these adversary proceedings.[21]

Nothing presented in the Western Entities and Mr. Wadsworth's Motion to Dismiss alters this prior determination.

The pendency of the appeals in the Ninth and Tenth Circuits does not support the discretionary application of the rule against claim splitting to the government's Counterclaims. The appeals were initiated by the Western Entities and Mr. Wadsworth, not the government. The appeals were also stayed pending the outcome of these bankruptcy proceedings at the request of the Western Entities and Mr. Wadsworth, over the government's objections.[22] Thus, the Western Entities and Mr. Wadsworth previously represented that these bankruptcy proceedings are the

---

[20] 26 U.S.C. § 7403(a).

[21] Memorandum Decision and Order Granting Motions to Amend Answers, docket no. 47, filed July 22, 2022.

[22] Order, ECF 62 in *Wadsworth v. United States*, No. 17-35805 (9th Cir.), filed Apr. 10, 2020; Order Granting Motion to Stay, ECF in *United States v. Western Land & Livestock*, No. 20-4016 (10th Cir.), filed Aug. 20, 2020.

appropriate forum for determining the validity and priority of the government's federal tax liens on the Properties. And the Ninth and Tenth Circuits agreed. The Western Entities and Mr. Wadsworth cannot now reverse course and legitimately argue that the government's Counterclaims are improper claim splitting when they raised the validity and priority of the government's federal tax liens in the appeals and sought to stay the appeals pending the resolution of these bankruptcy proceedings.

Finally, the government's Counterclaims are neither contingent nor unripe. The final judgments entered in the Oregon and Utah District Courts make this clear. And the effect of the final judgments may well be dispositive of some or all the issues in this case. But this potential dispositive effect is not an improper claim splitting that would require dismissal of the Counterclaims. Rather, it is a res judicata preclusion to challenges to the final judgments.

Therefore, the government's Counterclaims are properly and appropriately presented in this case.

## ORDER

IT IS HEREBY ORDERED that the Western Entities and Mr. Wadsworth's Motion to Dismiss[23] is DENIED.

Signed March 1, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[23] Docket no. 117, filed Aug. 14, 2023.