THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>HENG CHEONG PACIFIC LIMITED (BVI);<br><br>WORLD WIDE INVESTMENT SERVICES LIMITED (BVI);<br><br>NEW CENTURY PROPERTIES LIMITED (BVI).<br><br>Debtors. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ADDITIONAL DISCOVERY**<br><br>Case No. 2:21-cv-00473-DN-CMR<br><br>District Judge David Nuffer |

Western Land & Livestock, LLC, Western Reserve Mortgage, LLC, and John Wadsworth (collectively, the "Western Entities and Mr. Wadsworth") jointly seek additional time to conduct discovery ("Rule 56(d) Motion")[1] to adequately respond to the government's Motion for Summary Judgment.[2]

Because the Western Entities and Mr. Wadsworth fail to meet their burden under FED. R. CIV. P. 56(d) to obtain additional time for discovery, their Rule 56(d) Motion[3] is DENIED.

## DISCUSSION

"Under Federal Rule of Civil Procedure 56(d), a district court may permit additional time for discovery if 'a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment].'"[4]

---

[1] Joint Motion for Additional Discovery ("Rule 56(d) Motion"), docket no. 150, filed Jan. 18, 2024.

[2] United States' Motion for Summary Judgment ("Motion for Summary Judgment"), docket no. 141, filed Nov. 30, 2023.

[3] Docket no. 150, filed Jan. 18, 2024.

[4] *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (quoting FED. R. CIV. P. 56(d)).

The principle behind Rule 56(d) is that "[s]ummary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition."[5] "Requests for further discovery [under Rule 56(d)] should ordinarily be treated liberally."[6] "But relief under Rule 56(d) is not automatic."[7] Rule 56(d) "does not compel the [district] court to [permit additional discovery] to a party that has been dilatory in conducting discovery.[8] And "Rule 56(d) motions [are expected] to be robust[.]"[9] "Speculation cannot support a Rule 56(d) motion."[10]

"To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment."[11] "[A]n affidavit's lack of specificity counsels against . . . a request for additional discovery under the [R]ule."[12] "[U]ndeveloped assertion[s] do[] not suffice[.]"[13]

The Western Entities and Mr. Wadsworth's Rule 56(d) Motion and supporting affidavit[14] cannot be considered robust through liberal treatment or under any stretch of the imagination.

---

[5] *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (internal punctuation omitted).

[6] *Id*.

[7] *Id*.

[8] *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1151 (10th Cir. 2006).

[9] *Birch*, 812 F.3d at 1249-1250.

[10] *FDIC v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013).

[11] *Cerveny*, 855 F.3d at 1110.

[12] *Birch*, 812 F.3d at 1250 (internal quotations omitted).

[13] *Arciero*, 741 F.3d at 1116.

[14] Declaration of Spencer W. Young ("Young Decl."), docket no. 150-1, filed Jan. 18, 2024.

They fail to identify with sufficient specificity the necessary information to obtain additional time for discovery.

### The Western Entities and Mr. Wadsworth fail to specify the probable facts that are unavailable

The Western Entities and Mr. Wadsworth baldly assert that discovery will show that Ronald Talmage had no ownership interest in the Debtor Entities' funds that were used to purchase the RiverCliff Property and Liberty Property.[15] The Western Entities and Mr. Wadsworth do not state why they believe such evidence exists. They do not identify from where or whom this evidence would come. And they do not identify what discovery methods they intend to implement, how such methods would be targeted to obtain the evidence they seek, or how long this discovery would take.

The Western Entities and Mr. Wadsworth incorporate by reference the appellate brief in a case pending before the Tenth Circuit Court of Appeals as the sole source of support for their Rule 56(d) Motion.[16] The appellate brief includes arguments relating to issues that are similar to the issues in this case. But those arguments are unsupported by facts. The arguments address only whether the government met its evidentiary burdens at the District Court in that case.[17] The appeal also relates to the ownership interests of only one of the two properties involved in this case. Therefore, the appellate brief adds nothing to whether the evidence the Western Entities and Mr. Wadsworth seek through discovery in this case exists and, if it does, from what sources and how the evidence would be obtained in discovery.

---

[15] Rule 56(d) Motion at 6; Yong Decl. ¶ 7 at 2.

[16] Rule 56(d) Motion at 3-4, 6; Young Decl. ¶¶ 7-9 at 2-3.

[17] Appellants' Opening Brief, Doc. 010110375657 in *United States v. Western Land & Livestock, LLC*, No. 20-4016 (10th Cir.), filed July 13, 2020.

The Western Entities and Mr. Wadsworth's Rule 56(d) Motion and supporting affidavit fail to sufficiently specify the probable facts that are unavailable. And in the absence of specificity, the only support for the Rule 56(d) Motion is the Western Entities and Mr. Wadsworth's unsupported speculation.

### The Western Entities and Mr. Wadsworth fail to specify why facts could not be presented without additional time

The Western Entities and Mr. Wadsworth Rule 56(d) Motion and supporting affidavit also fail to sufficiently specify why facts cannot be presented in response to the government's Motion for Summary Judgment without additional time. The Western Entities and Mr. Wadsworth assert that they have not had the opportunity to conduct discovery because they have not yet filed answers in this case.[18] On its face and in a vacuum, this assertion supports a need for additional time for discovery. But the reality of the Western Entities and Mr. Wadsworth's participation in the proceedings and discovery conducted in this case as a whole tells a different story.

These consolidated bankruptcy proceedings initiated on August 27, 2019.[19] Western Land & Livestock, LLC has been a party to the litigation since the initiation of adversary proceedings on March 20, 2020.[20] And Mr. Wadsworth has been aware of and involved in these consolidated bankruptcy proceedings for several years, despite being not being named as a party to the adversary proceedings until July 27, 2022.[21] He was the point of contact for each of the

---

[18] Rule 56(d) Motion at 3-6; Young Dec. ¶ 6 at 2.

[19] Involuntary Petition Against a Non-Individual, ECF 1 in *In re: Heng Cheong Pacific Limited (BVI)*, No. 21-21115 (Bankr. D. Utah), filed Aug. 27, 2019.

[20] Complaint for Declaratory and Other Relief, ECF 1 in *Borrelli v. Western Land & Livestock, LLC*, No. 21-02031 (Bankr. D. Utah), filed Mar. 5, 2020;

[21] United States' Amended Answer and Counterclaim Re The Liberty Property, docket no. 50, filed July 27, 2022; United States' Amended Answer and Counterclaim Re The RiverCliff Property, docket no. 51, filed July 27, 2022.

petitioning creditors, and the only creditor to participate in the 341 Creditor's Meeting held on February 6, 2020.[22]

Discovery in these consolidated bankruptcy proceedings has not been stayed, and fact discovery closed on June 28, 2023.[23] Western Land & Livestock, LLC did obtain a stay of its obligation to respond to discovery pending a ruling on jurisdiction in one of the two adversary proceedings to which it is a party.[24] But its obligations were not stayed in the other adversary proceeding.[25] And the Western Entities and Mr. Wadsworth have not been barred from *conducting* discovery. Additionally, the Western Entities and Mr. Wadsworth have participated in the discovery conducted by the government, including the depositions of the Foreign Representatives, Megumi Matsuzawa, and Mr. Wadsworth (individually and as trustee of the RBT Victim Recovery Trust).[26] They have also been copied on the parties' production and written discovery requests, and the responses to those requests.[27] Therefore, the Western Entities and Mr. Wadsworth have not been precluded or excluded from the proceedings and the discovery conducted in this case. They have only chosen not to conduct discovery on their own behalf.

---

[22] United States' Response to John Wadsworth, RBT Victim Recovery Trust, and The Western Parties' Joint Motion for Discovery ("Response") at 2, docket no. 160, filed Feb. 8, 2024. The government makes several assertions regarding the Western Entities and Mr. Wadsworth's participation in these consolidated bankruptcy proceedings. *Id*. at 2-4. These assertions are not supported by citation to record evidence. However, they relate to closed meetings and discovery matters which generally do not appear in the court docket. And the Western Entities and Mr. Wadsworth do not dispute the accuracy of the government's assertions. Therefore, the government's uncontested assertions regarding the Western Entities and Mr. Wadsworth's participation in these consolidated bankruptcy proceedings are accepted.

[23] Order Granting Motion to Amend Scheduling Order at 2, docket no. 96, filed Jan. 18, 2023.

[24] Minute Entry Re: 109 Motion to Stay Proceedings, ECF no. 134 in *Borrelli v. Western Land & Livestock, LLC*, No. 21-02031 (Bankr. D. Utah), filed Sept. 1, 2021.

[25] *Rupp v. Western Land & Livestock, LLC*, No. 21-02108 (Bankr. D. Utah), filed Nov. 12, 2021.

[26] Response at 3-4.

[27] *Id*.

The Chapter 7 Trustee and Foreign Representatives have moved for summary judgment and have opposed the government's Motion for Summary Judgment on issues similar to those pertinent to the Western Entities and Mr. Wadsworth.[28] The Chapter 7 Trustee and Foreign Representative have done so based on the evidence obtained from discovery. The Western Entities and Mr. Wadsworth have received this same discovery. Yet their Rule 56(d) Motion and supporting affidavit make no effort to state why this discovery is inadequate for them to respond to the government's Motion for Summary Judgment. The Rule 56(d) Motion and supporting affidavit also fail to specify any discovery sources or methods that would go beyond or differ from those used to obtain the discovery the Western Entities and Mr. Wadsworth have already received.

Considering the Western Entities and Mr. Wadsworth's participation in the proceedings and discovery conducted in this case, their having not filed answers does not explain why additional time for discovery is needed. Therefore, the Western Entities and Mr. Wadsworth fail to sufficiently specify why facts cannot be presented in response to the government's Motion for Summary Judgment without additional time.

### The Western Entities and Mr. Wadsworth have not been diligent regarding discovery

The Western Entities and Mr. Wadsworth have not conducted any discovery in these consolidated bankruptcy proceedings. Their excuse: because they filed successive motions to dismiss before answering and were awaiting rulings.[29] Again, on its face and in a vacuum, this

---

[28] Plaintiffs' Motion for Partial Summary Judgment on Count II of Their Complaints, docket no. 140, filed Nov. 30, 2023; Opposition to United States' Motion for Summary Judgment, docket no. 152, filed Jan. 18, 2024.

[29] Rule 56(d) Motion at 3, 5-6; Young Decl. ¶¶ 5-6 at 2.

may seem reasonable. But the reality is that the Western Entities and Mr. Wadsworth have not been diligent regarding discovery.

As discussed,[30] the Western Entities and Mr. Wadsworth have long been aware of and involved in these consolidated bankruptcy proceedings. And they have not been precluded or excluded from the proceedings and the discovery conducted in this case. They have only chosen not to conduct discovery on their own behalf.

The Western Entities and Mr. Wadsworth's decision to seek dismissal of the government's counterclaims while not conducting discovery on their own behalf is disingenuous and not diligence. In 2020, the Western Entities and Mr. Wadsworth sought and obtained (over the government's objections) stays of appeals pending before the Ninth and Tenth Circuit Courts of Appeals which involve substantially the same issues as the government's counterclaims in this case.[31] Thus, the Western Entities and Mr. Wadsworth represented, and the appellate courts agreed, that these bankruptcy proceedings are the appropriate forum for determining the validity and priority of the government's federal tax liens on the RiverCliff Property and Liberty Property. Yet alternative service of the government's counterclaims was required for Mr. Wadsworth on a finding of good cause to believe that he was avoiding service.[32]

In roughly 16 months after being served,[33] instead of answering and despite receiving stays on their appeals, the Western Entities and Mr. Wadsworth ironically twice attempted to use

---

[30] *Supra* Discussion at 4-5.

[31] Order, ECF 62 in *Wadsworth v. United States*, No. 17-35805 (9th Cir.), filed Apr. 10, 2020; Order Granting Motion to Stay, ECF in *United States v. Western Land & Livestock*, No. 20-4016 (10th Cir.), filed Aug. 20, 2020.

[32] Memorandum Decision and Order Granting Motion for Alternative Service on John Wadsworth and to Extend Time for Service, docket no. 74, filed Oct. 27, 2022.

[33] Declaration of Tijuhna A. Green Re: Proof of Service on John Wadsworth, docket no. 75, filed Nov. 4, 2022; Service Return for Western Reserve Mortgage, LLC, docket no. 76, filed Nov. 4, 2022.

the appeals' pendency as a basis for dismissing the government's counterclaims.[34] The determinations denying the motions were not close calls. The Western Entities and Mr. Wadsworth's dubious legal theories and erroneous interpretations of the law had no application to this case.[35]

Considering the Western Entities and Mr. Wadsworth's knowledge and involvement in these consolidated bankruptcy proceedings, and the added context of the parties' prior litigation, Western Entities and Mr. Wadsworth have not been diligent regarding discovery. And they have not identified sufficient past steps to obtain the evidence they seek to support additional time for discovery.

### The Western Entities and Mr. Wadsworth fail to specify how additional time will allow for rebuttal of the government's argument for summary judgment

Finally, the Western Entities and Mr. Wadsworth also do not specify how the additional evidence they seek would rebut of the government's arguments for summary judgment. The Western Entities and Mr. Wadsworth offer only a general and vague reference to the issues they raised in their appeal that is pending before the Tenth Circuit.[36] Their incorporation by reference of an entire 29-page appellate brief (without attaching the brief as an exhibit) is hardly the robustness or specificity required to satisfy Rule 56(d). And regardless, the arguments raised in the appellate brief add nothing to the decision to be made in this case. The government's Motion for Summary Judgment argues claim preclusion based on prior Oregon and Utah District Court

---

[34] Joint Motion to Dismiss, docket no. 117, filed Aug. 14, 2023; Joint Motion to Dismiss, docket no. 87, filed Dec. 13, 2022.

[35] Memorandum Decision and Order Denying Motion to Dismiss ("Order Denying First Motion to Dismiss"), docket no. 107, filed July 25, 2023; Memorandum Decision and Order Denying Motion to Dismiss, docket no. 169, filed Mar. 1, 2024. The Western Entities and Mr. Wadsworth's characterization of the refusal to consider arguments they improperly raised in reply on their first motion to dismiss as an invitation to file a second motion to dismiss (in lieu of answering) is inaccurate. Rule 56(d) Motion at 3, 5; Order Denying First Motion to Dismiss at 4-5.

[36] Motion at 3-4, 6; Young Decl. at ¶¶ 7-9 at 2-3.

judgments; statutes of limitations; laches; and priority of the government's federal tax liens.[37] The appeal, on the other hand, relates to ownership interests of only one of the two properties involved in this case, and whether the government met its evidentiary burdens at the District Court.[38]

In the complete absence of any discussion of how the additional evidence the Western Entities and Mr. Wadsworth seeks would rebut these arguments, their Rule 56(d) Motion and supporting affidavit fail to offer the requisite specificity to obtain additional time for discovery.

Therefore, the Western Entities and Mr. Wadsworth fail to meet their burden under FED. R. CIV. P. 56(d) to obtain additional time for discovery, and their Rule 56(d) Motion[39] is DENIED.

## ORDER

IT IS HEREBY ORDERED that the Western Entities and Mr. Wadsworth's Rule 56(d) Motion[40] is DENIED.

Signed March 5, 2024.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[37] Motion for Summary Judgment at 11-37.

[38] Appellants' Opening Brief, Doc. 010110375657 in *United States v. Western Land & Livestock, LLC*, No. 20-4016 (10th Cir.), filed July 13, 2020.

[39] Docket no. 150, filed Jan. 18, 2024.

[40] Docket no. 150, filed Jan. 18, 2024.